# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| **MARGARET ALLGOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02323-SHM-tmp |
| | ) | |
| **BAPTIST MEMORIAL MEDICAL GROUP, INC., and BAPTIST MEMORIAL HEALTH CARE CORPORATION,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court are Defendants Baptist Memorial Medical Group, Inc. and Baptist Memorial Health Care Corporation's (collectively, "Baptist") January 27, 2020 Objections to the January 7, 2020 Order of the Magistrate Judge. (ECF No. 54.) Plaintiff Margaret Allgood responded on February 10, 2020. (ECF No. 58.)

Also before the Court is Baptist's February 6, 2020 Motion to Stay Discovery Pending the District Court's Order on Baptist's Objections to the Magistrate Judge's Order (the "Motion to Stay Discovery"). (ECF No. 56.) Allgood responded on February 10, 2020. (ECF No. 57.)

For the following reasons, Baptist's Objections are DENIED. Baptist's Motion to Stay Discovery is DENIED AS MOOT.

**I. Background**

This is a False Claims Act retaliation case. Allgood alleges that Baptist retaliated against her for investigating unlawful Medicare billing practices by a Baptist employee, Dr. John King, in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq. (ECF No. 1.) Specifically, Allgood alleges that, after she accessed patient records during her investigation of Dr. King's alleged billing fraud, Baptist retaliated against her by falsely accusing her of violating the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d, et seq., and suspending her. (Id. ¶¶ 27-42.)

On November 20, 2019, Allgood filed a Motion to Compel Discovery. (ECF No. 32.) In her Motion to Compel Discovery, Allgood requested, inter alia, that the Court compel discovery from Baptist about the following categories of information: (1) information about the alleged billing fraud committed by Dr. King; (2) information about Baptist's investigation into whether Allgood violated HIPAA by accessing patient records during her investigation of Dr. King's alleged billing fraud; (3) information about Kathy Long, a former Baptist employee who was Allgood's office manager at Baptist; and (4) communications about

Allgood during the time she was aware of and investigating Dr. King's alleged billing fraud. (See ECF No. 32-1 at 7-15.) On December 9, 2019, Baptist responded to Allgood's Motion to Compel Discovery. (ECF No. 39.) On December 16, 2019, Allgood replied. (ECF Nos. 43-44.)

On January 7, 2020, United States Magistrate Judge Tu M. Pham granted in part and denied in part Allgood's Motion to Compel Discovery. (ECF No. 47.) In the January 7, 2020 Order, the Magistrate Judge, inter alia, granted Allgood's Motion to Compel Discovery of the four categories of information described above.[1] (Id. at 6-11, 14-15.)

On January 27, 2020, Baptist filed its Objections to the Magistrate Judge's January 7, 2020 Order. (ECF No. 54.)

## II. Standards of Review

Pursuant to Federal Rule of Civil Procedure 72(a), when a magistrate judge issues a non-dispositive order, "[a] party may serve and file objections to the order within 14 days after being served with a copy."[2] Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is

---

[1] Baptist has not objected to the other portions of the Magistrate Judge's January 7, 2020 Order. (ECF No. 54 at 1 n.1.)

[2] Baptist filed its Objections to the Magistrate Judge's January 7, 2020 Order within twenty days, after requesting and receiving an extension of time. (See ECF No. 51.)

3

contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A); Local Rule 72.1(g)(1). Rule 72(a) requires "considerable deference to the determinations of magistrates." In re Search Warrants Issued Aug. 29, 1994, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citing 7 Moore's Federal Practice ¶ 72.03).

A finding is clearly erroneous when "the reviewing court, upon review of the entire record, is left with the definite and firm conviction that a mistake has been committed." United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000). The finding need not be the conclusion the reviewing court would have reached or the best conclusion; "[r]ather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." Heights Cmty. Cong. v. Hilltop Realty, Inc., 774 F.2d 135, 140-41 (6th Cir. 1985) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of permissible discovery. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." Albritton v. CVS Caremark Corp.,

4

No. 5:13-cv-00218, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

**III. Analysis**

Baptist objects to the portions of the Magistrate Judge's January 7, 2020 Order granting Allgood's Motion to Compel Discovery of the following categories of information: (1) information about Dr. King's alleged billing fraud; (2) information about Baptist's investigation into whether Allgood violated HIPAA; (3) information about Kathy Long; and (4) communications about Allgood. (ECF No. 54.)

**A. Billing Fraud**

Baptist argues in its Objections that information about Dr. King's alleged billing fraud is not relevant to Allgood's retaliation claim against Baptist. (ECF No. 54 at 5-7.)

The Magistrate Judge properly evaluated this issue in his January 7, 2020 Order. The Magistrate Judge determined that information about Dr. King's alleged billing fraud, and about Baptist's investigation of the alleged fraud, is relevant to Allgood's retaliation claim because it is probative of the reasons for the adverse employment actions Baptist took against Allgood. (See ECF No. 47 at 6-7.) This information relates directly to one of the elements of an FCA retaliation claim, whether the "employer discharged or otherwise discriminated

5

against the employee as a result of the protected activity." Thompson v. Quorum Health Res., LLC, 485 F. App'x 783, 790 n.1 (6th Cir. 2012); see also id. at 790-91 (noting that a plaintiff in an FCA retaliation case "may [] demonstrate pretext by offering evidence which challenges the reasonableness of the employer's decision to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation") (citing White v. Baxter Healthcare Corp., 533 F.3d 381, 393 (6th Cir. 2008)). Relying on persuasive case law that Baptist does not meaningfully distinguish, the Magistrate Judge determined that "evidence that a company engaged in fraud is relevant to whether it punished an employee for reporting fraud." (ECF No. 47 at 6 (citing Dilback v. Gen. Elec. Co., No. 4:00-cv-222, 2008 WL 4372901, at *4 (W.D. Ky. Sept. 22, 2008)).)

The Magistrate Judge's determination that information about Dr. King's alleged billing fraud is relevant was not clearly erroneous or contrary to law.

**B. HIPAA Violations**

Baptist argues in its Objections that information about Baptist's investigation into whether Allgood violated HIPAA is not relevant to Allgood's retaliation claim against Baptist. (ECF No. 54 at 4-5.) Baptist asserts that it does not oppose the production of certain information about its investigation of

6

Allgood, but does oppose the production of "the actual private patient records and documents accessed by Plaintiff." (Id. at 4.) Baptist also argues that production of the patient records Allgood accessed during her investigation of Dr. King's alleged billing fraud "would only expose patients' personal and medical information when there is no legitimate need to do so." (Id. at 5.)

The Magistrate Judge properly evaluated this issue in his January 7, 2020 Order. The Magistrate Judge determined that information about Baptist's investigation into whether Allgood violated HIPAA -- including the patient records Allgood accessed -- is probative of whether Baptist's investigation of Allgood was pretextual. (ECF No. 47 at 7-9.) The Magistrate Judge determined that the patient records Allgood accessed are probative of pretext because, "if there is little evidence that Allgood violated HIPAA, it may tend to show that Allgood's suspension was pretextual." (Id. at 8.) As discussed supra, evidence that is probative of whether an employer's proffered reason for an adverse employment action is pretextual is relevant evidence. See Thompson, 485 F. App'x at 790-91. The Magistrate Judge found that Baptist's concerns about exposing patients' personal and medical information are minimized because the Court has entered a Protective Order in this case that protects the privacy interests of Baptist patients whose records are

7

discovered. (ECF No. 47 at 8-9; see also Protective Order, ECF No. 30.)

The Magistrate Judge's determination that information about Baptist's investigation into whether Allgood violated HIPAA is relevant was not clearly erroneous or contrary to law.

C.  **Information About Kathy Long**

Baptist argues in its Objections that information about Kathy Long, a former Baptist employee who was Allgood's office manager at Baptist, is not relevant to Allgood's retaliation claim against Baptist. (ECF No. 54 at 7-9.)

The Magistrate Judge properly evaluated this issue in his January 7, 2020 Order. In her Motion to Compel Discovery, Allgood asserted that Kathy Long was Allgood's former office manager at Baptist, that Long reported Dr. King for misconduct, and that Long was subsequently terminated from her position at Baptist. (ECF No. 32-1 at 14-15.) The Magistrate Judge determined that information about Long's termination, and about whether Long accessed the same patient records Allgood did, is probative of the potential motivations for the adverse employment actions Baptist took against Allgood. (ECF No. 47 at 9-11.) The Magistrate Judge's determination comports with Sixth Circuit case law about the relevance of "other acts" evidence in employment discrimination cases -- i.e., "evidence of discrimination by the employer against non-party employees" --

8

which "goes to the employer's motive or intent to discriminate." Griffin v. Finkbeiner, 689 F.3d 584, 598-600 (6th Cir. 2012).

The Magistrate Judge's determination that information about Long is relevant was not clearly erroneous or contrary to law.

### D. Communications About Allgood

Baptist argues in its Objections that communications about Allgood during the time she was aware of and investigating Dr. King's alleged billing fraud are not relevant to Allgood's retaliation claim against Baptist. (ECF No. 54 at 9-10.) Alternatively, Baptist asks the Court to limit Baptist's required production on this topic to specific custodians. (Id.)

As the Magistrate Judge noted in his January 7, 2020 Order, Baptist raised no arguments addressing communications about Allgood in its response to Allgood's Motion to Compel Discovery. (ECF No. 47 at 14.) In its Objections, Baptist offers no justification for failing to raise its arguments on this issue in its briefing to the Magistrate Judge. The Court will not consider objections to the Magistrate Judge's Order that were not raised first with the Magistrate Judge. Those objections are waived. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act, 28 U.S.C. § 631 et seq. . . . absent compelling reasons, does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); see also Evans v.

9

Walgreen Co., No. 09-cv-2491, 2011 WL 2634348, at *2 (W.D. Tenn. July 5, 2011) ("[T]his Court cannot address arguments on objection to a nondispositive pretrial order unless the Magistrate Judge had occasion to address them.") (citing Hann v. Michigan, No. 05-cv-71347, 2007 WL 4219384, at *3 (E.D. Mich. Nov. 29, 2007)).

The Magistrate Judge properly evaluated this issue in his January 7, 2020 Order. The Magistrate Judge determined that communications about Allgood from March 28, 2018 to October 1, 2018 -- the time Allgood knew about and was investigating Dr. King's alleged billing fraud -- are probative of whether Baptist's suspension of Allgood was pretextual. (ECF No. 47 at 14-15.) The Magistrate Judge's determination that communications about Allgood are relevant was not clearly erroneous or contrary to law.

## IV. Conclusion

For the foregoing reasons, Baptist's Objections are DENIED. The Magistrate Judge's January 7, 2020 Order is AFFIRMED. Baptist's Motion to Stay Discovery is DENIED AS MOOT.

So ordered this 19th day of February, 2020.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE