IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**MARGARET ALLGOOD**,

    Plaintiff,

v.                                                     Case 2:19-cv-02323-SHM-cgc

**BAPTIST MEMORIAL MEDICAL GROUP INC.**
**and BAPTIST MEMORIAL HEALTH CARE**
**CORPORATION,**

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**
**ORDER DENYING BAPTIST DEFENDANTS' MOTION TO EXCLUDE**

Before the Court, by way of Orders of Reference (D.E. # 133 and 137), are Plaintiff Margaret Allgood's ("Allgood") August 18, 2021 Motion to Compel production of Defendants' purportedly privileged documents to the Court for *in camera* review (D.E. # 131) and Defendants', Baptist Memorial Medical Group Inc. and Baptist Memorial Health Care Corporation ("Baptist Defendants") Motion to Exclude Plaintiff's improperly filed and untimely motion to compel (D.E. # 135). Having considered the motions, responses, replies and the record as a whole, the motion to compel is GRANTED and the motion to exclude is DENIED.

Federal Rule of Civil Procedure 12(f) allows for motions to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Plaintiff's motion to compel is not a pleading and therefore is not a proper subject for a motion to strike (or exclude).

However, the motion to exclude raises a timeliness issue that will be addressed. On August 30, 2019, the parties, through counsel, appeared before U.S. District Judge John T. Fowlkes for scheduling conference. (D.E. # 25) After the scheduling conference, a Scheduling Order was entered which stated in pertinent part that:

> "[m]otions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown or the objection to the default, response, answer or objection is waived.
> (D.E. # 26, PageID 73)

The scheduling order has been amended four times (D.E. # 64, 75, 85 and 129). None of the amendments address or purports to vacate the language quoted above. The instant motion was filed on August 18, 2021 – forty days after the discovery deadline in the most recent scheduling order. (D.E. # 129, PageID 607)

Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir.2002)[1] (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001)). Fed. R. Civ. P. 6(b)(2) permits the court to extend the time to act (after the time to act has expired) upon a finding of good cause if the party failed to act because of excusable neglect. The Rule 6(b) excusable neglect standard requires the court to consider five factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and

---

[1] Some Circuits end the inquiry once there is a finding that the movant was not diligent in following the scheduling order. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

its impact on the case, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith despite the delay.  Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006).

Plaintiff provides in her motion a timeline of how Defendants notified her in July 2021 that documents that should have been produced in October 2020 were "inadvertently excluded" from production, that emails that had been represented as having been produced had not, in fact, been produced and that those emails were subject to privilege.  As late as August 17, 2021, Defendants tendered an additional email.  Throughout July and August, Defendants submitted updated and revised privileged logs addressing documents that had not been identified in previous privilege logs.  The instant motion was filed one day after the last production from Defendants.  Therefore, the court finds good cause for the "delay" and will consider the merits of the motion.

Defendants strategically chose to file a motion to exclude and filed no substantive response to the motion to compel.  Local Rule 7.2(a)(2), the non-movant shall file a response within fourteen days after service of the motion, and "[f]ailure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion."  The instant motion requests that Defendants produce documents for *in camera* review and that request is GRANTED.

Defendants are ORDERED to submit

- The two emails identified in the Second Amended Third Privilege Log;
- The emails identified as purportedly attorney-client privileged in the Second Amended Privilege Log from October 12, 2018 through December 20, 2018;

- The emails identified as purportedly attorney-client privileged in the First Privilege Log from October 31, 2018 through December 20, 2018

on or before October 29, 2021. The documents may be submitted to the Court's ECF email box or hand delivered to chambers. Defendants may also file a substantive response to the motion to compel at that time.

**IT IS SO ORDERED** this 14th day of October, 2021.

                                                  s/ Charmiane G. Claxton
                                                  CHARMIANE G. CLAXTON
                                                  UNITED STATES MAGISTRATE JUDGE