IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MARGARET ALLGOOD**,

    Plaintiff,

v.                                                Case 2:19-cv-02323-SHM-cgc

**BAPTIST MEMORIAL MEDICAL GROUP INC.**
**and BAPTIST MEMORIAL HEALTH CARE**
**CORPORATION,**

    Defendants.

---

### REVISED ORDER ON PLAINTIFF'S MOTION TO COMPEL

---

Before the Court, by way of Order of Reference (D.E. # 133), is Plaintiff Margaret Allgood's August 18, 2021 motion to compel production of Defendants' Baptist Memorial Medical Group, Inc.("BMMG") and Baptist Memorial Health Care Corporation's purportedly privileged documents to the Court for *in camera* review (D.E. # 131)  An order was entered on October 14, 2021 (D.E. # 154) that granted the motion to compel pursuant Local Rule 7.2 for failure of Defendants to file a response to the motion[1].  On October 28, 2021, Defendants filed an objection to the Order and a motion to stay the directives in the Order.  (D.E. # 156, 158)  An order was entered on November 4, 2021 granting the motion to stay and requesting a substantive response from Defendants to the motion to compel.  (D.E. # 162)  Defendants filed their response on November 12, 2021  (D.E. # 163) and Plaintiff filed her reply on November 17, 2021.  (D.E. # 165).

---

[1] Docket entry 154 also denied Defendants' motion to exclude (D.E. # 135) because the target of the motion was not a pleading as required by Fed.R.Civ.P 12 (f) and, based on the information in the record and in the memorandum in support of the motion to compel, the Court found the motion to compel to have been timely filed.

1

Plaintiff was employed by Defendant Baptist Memorial Medical Group ("BMMG") as a licensed nurse practitioner. (Complaint ¶2)  On October 10, 2018, Plaintiff made a report to corporate compliance that a cardiologist was billing for procedures that he did not perform or supervise. (Complaint ¶3)  Two days later, Plaintiff was the subject of an investigation based on allegations that she violated the Health Insurance Portability and Accountability Act ("HIPAA") by accessing medical records to confirm her suspicions about the cardiologist. (Id.)  Plaintiff was suspended during the investigation. (Id.)   According to Plaintiff, , BMMG agreed to reinstate Plaintiff to her previous position on February 8, 2019 (Complaint ¶ 40) however BMMG states that the decision to reinstate Plaintiff was made late November 2019 (Defendants' Statement of Material Facts ("SOF") ¶42, D.E. #150)

Plaintiff seeks an order compelling Defendants to produce two emails identified in the Second Amended Third Privilege Log, emails identified as attorney-client privileges in the Second Privilege Log from October 12, 2018 through December 20, 2018 and emails identified as attorney client privileged in the First Privilege Log from October 31, 2018 through December 20, 2018.  The basis of Plaintiff's challenge to the attorney-client designation is that Defendants reviewed the privilege log entries and later determined that some of the entries were not subject to privilege after all.  Therefore, it is Plaintiff's belief that Defendants over-designated and that there are still documents in the privilege log that are not properly protected by privilege. Defendants respond that this is in effect a fishing expedition and that there is no basis to compel them to submit the documents for *in camera* review.

Defendants rely on both the attorney client privilege and the work product doctrine to withhold the documents sought from Plaintiff.  "The attorney-client privilege protects from disclosure 'confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client.' " Ross v. City of Memphis, 423 F.3d 596, 600 (6th Cir. 2005).  The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process.  See Hickman v. Taylor, 329 U.S. 495, 510–14, 67 S.Ct. 385, 91 L.Ed. 451 (1947).  The work-product doctrine is a procedural rule of federal law.  In re Powerhouse Licensing, LLC, 441 F.3d 467, 472 (6th Cir.2006). Rule 26(b)(3) protects (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative."  Id.  To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, we ask two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable.  United States v. Roxworthy, 457 F.3d 590, 594 (6th Cir.2006).  The party withholding items under a claim of privilege or the work-product doctrine bears the burden of establishing the item should be withheld.  Ajose v. Interline Brands, Inc., No. 3:14-CV-1707, 2016 WL 6893866, at *1 (M.D. Tenn. Nov. 23, 2016)

   1.   two emails identified in the Second Amended Third Privilege Log,

The questioned documents are two emails.  The first is an October 31, 2018 email from the Chief Human Resources Officer to in-house counsel, Privacy and Security Officer, Chief Operating Officer, Chief Executive Officer and Corporate Compliance Officer.  The second is a

November 8, 2018 email from the Privacy and Security Officer to the Chief Human Resources Officer, Chief Operations Officer and in-house counsel.  The documents came to Plaintiff's attention during the September 29, 2020 deposition of Kay Ragan.  The RADAR report (D.E. # 131-3, PageID 646) notes that Ms. Ragan attached "Emails with resolution regarding access.pdf" on November 2, 2018.  At the deposition, Defendants' counsel stated that the emails referenced in the report had been produced.  Defendants' counsel affirmed a second time, at the June 25, 2021 deposition of Laura Cummins, that the emails had been produced.  Despite the assurances that the emails had been produced, Defendants' counsel stated in a July 8, 2021 email that the emails in question had not been produced and would be included on a subsequent privilege log. (D.E. # 131-9, PageID 664)  Defendants have designated both documents as attorney-client communications and attorney work product.

Plaintiff argues that the description of these documents as "information gathered at the request of counsel in forming a legal impression" is not a basis for asserting attorney-client privilege.  However, "[c]ommunications among non-attorneys in a corporation may be privileged if made at the direction of counsel, to gather information to aid counsel in providing legal services."  EPAC Techs., Inc. v. Thomas Nelson, Inc., No. 3:12-CV-00463, 2015 WL 13729725, at *2 (M.D. Tenn. Dec. 1, 2015)  The description offered by Defendants is consistent with the privilege.

Plaintiff further argues that even if the documents are privileged, Defendants waived the privilege by their failure to identify the documents in earlier privilege logs.  Plaintiff relies on Nieves v. Baptist Mem'l Med. Grp., Inc., No. 18-2748-JTF, 2020 WL 3441900 at *2 (W.D.

4

Tenn. June 23, 2020) in support of this contention. In <u>Nieves</u>, Chief Magistrate Judge Pham held that

> "[t]o the extent that Baptist is attempting to assert some form of trade secrets privilege or other privilege that might cover sensitive business documents, it waived such privilege when it failed to include these documents in its initial privilege log and when it did not substantively respond to five separate attempts by opposing counsel to discuss the omission of these documents from its privilege log." <u>Id.</u>

Defendants respond that there is no basis upon which to waive the privilege as the emails were included in the First Privilege Log dated January 30, 2020 (D.E. # 131-2) and that all of the privilege logs were served within the discovery period. However, the statement that the emails were included on the First Privilege Log is contradicted by Defendants' counsel's repeated assurances that the emails had been produced to Plaintiff and the fact that there is no November 8, 2018 email listed on the First Privilege Log.

Because the November 8, 2018 email was not included on the initial privilege log and Defendants did not assert privilege over the document until July 8, 2021 despite numerous requests for the document, it is ORDERED that the privilege as to the November 8, 2018 email is waived and that Defendants produce the November 8, 20 email to Plaintiff. The October 31, 2018 email was properly and timely designated as being withheld subject to attorney-client privilege and is not required to be produced.

   2. emails identified as attorney-client privileged in the First and Second Privilege Log from October 12, 2018 through December 20, 2018

Plaintiff bases her request for the documents in this category on an assumption that neither attorney-client privilege nor work product doctrine preclude production of the documents. Plaintiff relies on the fact that the emails involve non-lawyers and in-house counsel. However, as discussed above, the description of the withheld documents is satisfactory to conclude that the documents are protected by attorney-client privilege. *See*, EPAC Techs, Inc. at *2.

The Motion is **GRANTED IN PART AND DENIED IN PART**. Defendants are ordered to produce the November 8, 2018 email from Janet Cranford to Dee Banta, Robert Vest and Marci Cannon Fisher to Plaintiff. Execution of this Order is STAYED until January 19, 2022 or after the resolution of any objection(s) to this Order.

**IT IS SO ORDERED** this 3rd day of January, 2022.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE